**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ANTHONY DEAN, | ) Case No. EDCV 20-2024-VAP (JPR) |
| Petitioner, | ) |
| | ) ORDER SUMMARILY DISMISSING HABEAS |
| v. | ) PETITION |
| | ) |
| CHAD BIANCO, Sheriff, Riverside County, | ) |
| | ) |
| Respondent. | ) |

On August 26, 2020, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the Southern District of California, which transferred it here on September 29. He is a prolific litigator with numerous closed cases, including number EDCV 20-0280, a habeas petition asserting many of the claims he makes here; on October 30, this Court dismissed that action as moot and barred by the abstention doctrine. See Younger v. Harris, 401 U.S. 37, 45-46 (1971).

The new Petition is rambling and unclear, but he appears to allege that in his ongoing Riverside County criminal case he was arrested without a proper warrant, he was entrapped and kidnapped, his competency proceedings were flawed, his counsel

has been ineffective, the court has committed evidentiary and discovery errors, the district attorney has presented false evidence, and witnesses have perjured themselves. (Pet. at 1-3, 5-7.)[1] He seeks orders "halt[ing] state court acts," releasing him, serving subpoenas, producing discovery, and directing "the State of California to stay away from Petitioner."[2] (Id. at 8.)

Claims regarding Petitioner's ongoing state trial are barred under the abstention doctrine, and no exception applies. As a general proposition — and as Petitioner knows from the Court's dismissal order in his earlier case challenging the Riverside County proceedings — a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. See Younger, 401 U.S. at 45-46; see also Fort Belknap Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).

---

[1] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

[2] Petitioner filed a declaration on September 30, 2020, attaching a patient grievance form complaining of deliberate indifference to his medical needs. (Decl., ECF No. 9.) To the extent he seeks to assert such a claim, he must file a separate action under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.").

Younger abstention is appropriate if three criteria are met: (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the requested relief would "enjoin" the state proceeding or have the "practical effect" of doing so. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).

Here, all criteria for abstention are satisfied. First, Petitioner's state proceedings are ongoing. See Crim. Case Rep., People v. Dean, No. SWF 1500705 (Riverside Super. Ct. charges filed Apr. 22, 2015) (last updated Dec. 1, 2020) (showing Petitioner's case active, with hearing set for Jan. 7, 2021). Second, the state has a well-established strong interest in the prosecution of criminal charges and the defense of its convictions. See, e.g., Younger, 401 U.S. at 43-44. Third, Petitioner can raise his federal constitutional claims in the state proceedings; indeed, he has apparently raised at least his kidnapping claim and perhaps others that are not reflected in this record. (See Suppl. Doc., ECF No. 4 at 122 (minute order noting that defense motion to file kidnapping charges against prosecutor was called for hearing).) And should he be convicted, he can also assert them on appeal. See Rockefeller v. L.A. Cnty. Sheriffs Dep't, No. 2:19-cv-06858-DOC (GJS), 2019 WL 5420279, at *6 (C.D. Cal. Oct. 22, 2019) (abstaining when criminal trial was ongoing and constitutional claims could be raised as affirmative

defenses).  The Supreme Court has made clear that the third element is satisfied in such circumstances.  See Dubinka v. Judges of Super. Ct., 23 F.3d 218, 224 (9th Cir. 1994) (finding that existence of opportunity to raise federal claims in state proceedings warrants abstention (citing Moore v. Sims, 442 U.S. 415, 430 (1979))).

Finally, federal-court relief on the Petition would interfere with the ongoing state proceedings.  For instance, any finding by this Court that Petitioner is entitled to the state-court discovery he seeks would clearly have the practical effect of telling the state court how to run its own trial, something abstention is meant to guard against.  See Scarlett v. Alemzadeh, No. 19-CV-07466-LHK, 2020 WL 3617781, at *3-4 (N.D. Cal. July 20, 2020) (abstaining under Younger when habeas petitioner challenged prosecutor's alleged refusal to provide discovery or turn over exculpatory evidence in ongoing state proceeding), appeal filed, No. 20-16491 (9th Cir. Aug. 4, 2020).

Petitioner claims that "federal intervention is possible" (Pet. at 1) under Younger because "there has been a highly illegal fundamental miscarriage of justice" (id. at 7).  Even if the Younger criteria for abstention are satisfied, a federal court may properly intervene when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435.  Though the list of possible extraordinary circumstances justifying intervention has not been fully articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003), the circumstances must create a

"pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation," Kugler v. Helfant, 421 U.S. 117, 125 (1975).

Petitioner's unsupported allegations fall well short of establishing an exception for extraordinary circumstances or irreparable injury. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971); see also Juidice v. Vail, 430 U.S. 327, 338 (1977) (holding that without proof of bad faith or harassment, federal courts must abstain). Nothing here indicates that the State has prosecuted him in bad faith, without hope of obtaining a valid conviction. See Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005) (finding bad-faith exception to Younger abstention inapplicable when plaintiff failed to offer any "actual evidence" to overcome "presumption of honesty and integrity in those serving as adjudicators"); see also Anderson v. McKim, No. C-14-4663 EMC (pr), 2015 WL 831227, at *4 (N.D. Cal. Feb. 23, 2015) (applying Younger abstention when petitioner did "not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal").

Petitioner's rambling and often confusing allegations of a conspiracy involving the trial judge, prosecution, and defense attorneys (see, e.g., Pet. at 2 (alleging that "key" evidence was "concealed by both sides"), 3 (alleging that "court clerk then

5

. . . concealed evidence"), 4 (alleging that private investigator "obstructed the compelling of evidence" and that "corrupt court issued the wrong request")) are fantastical and provide no basis to conclude that the narrow exception to <u>Younger</u> applies. And even if the trial court erred in one or more rulings, as he claims, that is insufficient to establish bad faith or harassment. <u>See</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 351 (1975).

Moreover, irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated by his defense in the pending case. <u>Younger</u>, 401 U.S. at 46. Injuries stemming from "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term" to justify federal-court intervention. <u>Id.</u> Here, Petitioner alleges constitutional violations occurring during his pending criminal case, and their asserted injurious effect may be mooted should he prevail at trial or, if convicted, on appeal. Accordingly, abstention is required.

For the foregoing reasons, the Petition is SUMMARILY DISMISSED. <u>See</u> R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. (allowing for summary dismissal of habeas petitions); C.D. Cal. R. 72-3.2 (authorizing Magistrate Judge to prepare summary-dismissal order for District Judge's signature). This is now the second habeas petition the Court has dismissed challenging Petitioner's ongoing state criminal proceedings. The Court understands that Petitioner believes extraordinary circumstances exist for it to intervene, but the Court disagrees. If Petitioner persists in continuing to file baseless habeas

petitions requiring the Court's abstention, the Court will consider declaring him a vexatious litigant.

DATED: January 4, 2021

/s/ Virginia A. Phillips
VIRGINIA A. PHILLIPS
U.S. DISTRICT JUDGE

Presented by:

/s/ Jean Rosenbluth
Jean Rosenbluth
U.S. Magistrate Judge